Domingo **REYES MERCADO** Petitioner,

v.

**UNITED STATES of America**
**Respondent.**

**Civil No. 96–2292(RLA).**
**Criminal No. 92–191(RLA).**

United States District Court,
D. Puerto Rico.

April 4, 1997.

José A. Fuentes–Agostini, Marshal D. Morgan, Totti, Rodriguez Diaz & Fuentes, San Juan, Edgar R. Vega–Pabón, Hato Rey, for Petitioner.

Edwin O. Vázquez–Berrios, Assistant U.S. Attorney, U.S. Attorney's Office, District of Pureto Rico, Criminal Division, Hato Rey, for Respondent.

### ORDER DISMISSING 28 U.S.C. § 2255 PETITION

ACOSTA, District Judge.

DOMINGO REYES MERCADO has petitioned the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, to vacate Count Four of his conviction and amend his judgment of conviction accordingly.[1]

Mr. REYES MERCADO claims that due to the recent holding of the United States Supreme Court in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995) he stands illegally convicted of carrying a firearm in relation to a drug trafficking crime. Consequently, he argues, the consecutive imprisonment term of five years which he received pursuant to 18 U.S.C § 924(c)(1) in Crim. No. 92–191(RLA) should be vacated.

### BACKGROUND

A detailed factual background of petitioner's offense and conviction can be found in *United States v. Reyes–Mercado,* 22 F.3d 363 (1st Cir.1994). A summary of the procedural background follows:

On April 21, 1993, petitioner DOMINGO REYES–MERCADO pleaded guilty to conspiring to import and possessing with intent to distribute cocaine in violation of 21 U.S.C §§ 952(a), 960, 963 and 841(a)(1) (Counts One and Two) and using a telephone to facilitate the possession with intent to distribute cocaine in violation of 21 U.S.C. § 843(b) (Count Three). In a jury trial held the same day, after his plea, Mr. REYES was found guilty of the charge of carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count Four); the firearm having been shipped and transported in interstate commerce and with its manufacturer's serial number obliterated, in violation of 18 U.S.C. § 922(k) (Count Five). On July 16, 1993, he was sentenced to terms of imprisonment of seventy-eight (78) months on each of Counts One and Two; forty-eight (48) months on

Count Three and sixty-months (60) on Count Five, all concurrent with each other. Additionally, a consecutive sixty-month (60) term of incarceration was imposed on Count Four, as required by statute. His conviction was affirmed on appeal on April 28, 1994. *United States v. Reyes–Mercado,* 22 F.3d 363 (1st Cir.1994).[2]

### DISCUSSION

Petitioner props his motion to vacate Count Four of his sentence in the new substantive legal rule recently articulated by the Supreme Court in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).

In *Bailey,* the Supreme Court rejected the Government's contention that " 'placement for protection'—*i.e.,* placement of a firearm to provide a sense of security or to embolden—constitutes a 'use' [within the meaning of the statute]." *Bailey,* —— U.S. at ——, 116 S.Ct. at 508. Citing "the obvious congressional intent to require more than possession to trigger the statute's application", *Id.,* at ——, 116 S.Ct. at 506, the Court held that " § 924(c)(1) requires evidence sufficient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." *Id.,* at ——, 116 S.Ct. at 505.

The United States contends that the Supreme Court's holding in *Bailey* is inapplicable to defendant because *Bailey's* analysis was limited to the 924(c) statute's "use" of the firearm prong, rather than the "carry" prong, under which petitioner REYES–MERCADO was convicted.[3]

In response, REYES–MERCADO avers that even though he was convicted of carrying the weapon under Section 924(c), the United States Court of Appeals for the First Circuit, in reviewing the sufficiency of the evidence brought before the jury to convict him, applied "nearly the same test" that was

---

1. See Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2255 and Motion to Set Aside Conviction Under *Bailey v. United States* (**docket No. 1,** filed on October 22, 1996) and Petitioner's Reply ... (**docket No. 5,** filed on December 19, 1996).

2. *See also* docket No. 146 in Crim. No. 92–191.

3. *See* United States of America's Opposition ... (**docket No. 3,** filed on November 27, 1996).

later rejected by the Supreme Court in *Bailey*.

The Court has undertaken a close review of the record and transcripts of the underlying criminal case which reveal that the indictment, the opening and closing arguments at trial and the instructions to the jury all pertain to the charge of "carrying" a weapon under 21 U.S.C. 924(c).

We do note that the appellate court inadvertently applied the abandoned "facilitative nexus test" in reviewing the sufficiency of the evidence prior to determining that the defendant had used the gun in connection with a drug crime; yet the Court went on to find as follows:

> First, the Pathfinder belonged to and was registered to defendant. Second, throughout the consummation of the drug deal, which took place inside the Pathfinder, the loaded gun was located in the glove compartment directly in front of the passenger seat where defendant was seated. Finally, the jury heard ample testimony from Agent Ruiz regarding the details of defendant's involvement in the cocaine transaction. This testimony described the plan devised in Colombia to deliver the cocaine to defendant in Ponce, Puerto Rico. Based on this evidence, the jury could conclude that the gun was present by design, rather than happenstance and that it was used by the defendant in connection with the drug purchase as required by section 924(c).

*United States v. Reyes–Mercado*, 22 F.3d at 367 (footnote omitted).

Clearly, then, under the preceding set of facts described by the Court, a jury could conclude that the defendant "carried" the gun in connection with a drug crime.

Even more apropos to our discussion, however, is the First Circuit Court of Appeals' recent reading of "carrying" under 18 U.S.C. § 924(c). In *United States v. Cleveland*, 106 F.3d 1056 (1st Cir.1997), a case concerning loaded guns found in the trunk of defendants' car, the Court, in construing the statute, adopted a broad interpretation of "carrying"

and declared that "the distinguishing characteristic of 'carry' is not the instant availability of the item carried, but the fact that the item is being moved from one place to the another by the carrier, either personally or with the aid of some appropriate vehicle". *Id.*, at 1068 (citation omitted) (emphasis added).

Clearly, then, petitioner's conduct of carrying the gun inside the glove compartment of his vehicle during the drug transaction is encompassed within this reading of the statute.

Since the Court finds that petitioner "carried" the weapon during and in relation to a drug trafficking crime, petitioner's motion to vacate Count Four of his conviction is hereby **DENIED**. His sixty-month consecutive sentence imposed for violation of 18 U.S.C. § 924(c)(1) shall remain unchanged.

Accordingly, petitioner DOMINGO REYES–MERCADO's 28 U.S.C. § 2255 petition is hereby **DISMISSED**.[4]

IT IS SO ORDERED.

### *JUDGMENT*

The court having dismissed petitioner's claim through its Order issued on this date,

It is hereby ORDERED AND ADJUDGED that petitioner's claim asserted under 28 U.S.C. § 2255 be and the same is hereby **DISMISSED**.

**IT IS SO ORDERED.**

---

4. In light of our ruling, the Motion Requesting Leave to Withdraw ... (**docket No. 9**, filed on February 20, 1997) and the Motion Regarding Legal Representation (**docket No. 10** filed on March 17, 1997) are hereby **DENIED as MOOT**.